UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|         Plaintiff, | ) | |
| v. | ) | No. 09 CR 50041-4 |
| | ) | Judge Iain D. Johnston |
| John Knox, | ) | |
|         Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant John Knox has filed motions under 18 U.S.C. § 3582(c)(1)(A)(i) seeking compassionate release based on his allegations of underlying medical conditions that put him at risk of complications from COVID-19. For the reasons that follow, Mr. Knox's motions [1055] and [1056] are denied.

## BACKGROUND

On August 9, 2010, Mr. Knox pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute controlled substances, specifically more than one kilogram of heroin and more than 50 grams of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. Mr. Knox faced a ten-year minimum sentence under 21 U.S.C. § 841(a)(1), both because his offense involved more than one kilogram of heroin and because it involved more than 50 grams of crack cocaine. PSR [1015] at 27. On March 9, 2011, Judge Kapala, who has since taken inactive senior status, sentenced Mr. Knox to 255 months' imprisonment. Dkt. 574. Judge Kapala accepted the probation officer's sentencing calculation that based on Mr. Knox's involvement in the conspiracy, the quantity of controlled substances reasonably foreseeable to him was 2.948 kilograms of crack cocaine and 72 kilograms of heroin. *See* PSR [1015] at 11; Sentencing Transcript [607] at 3-4. Because the offense involved two different substances, under the Sentencing Guidelines the probation officer converted the quantity of crack cocaine to the equivalent of 10,528 kilograms of marijuana, the quantity of heroin to the equivalent of 72,000 kilograms of marijuana, and under U.S.S.G. § 2D1.1(c)(1) computed a base offense level of 38 based on a marijuana equivalent of 82,528 kilograms. *See* PSR [1015] at 11. After a 2-level increase for possession of a dangerous weapon and a 3-level decrease for timely acceptance of responsibility, Mr. Knox's total offense level was 37. PSR [1015] at 11-13. With a total offense level of 37 and his criminal history category of II, Judge Kapala calculated the sentencing range under the Guidelines to be 235 to 293 months. PSR [1015] at 27; Sentencing Transcript [607] at 3-4. On appeal, Mr. Knox argued that Judge Kapala had miscalculated his drug quantity, but the Seventh Circuit affirmed. *United States v. Block*, 705 F.3d 755 (7th Cir. 2013). His release date is July 17, 2023.[1]

---

[1] According to the Bureau of Prisons' website, Mr. Knox is currently in the Residential Reentry Program, and will be released from Bureau of Prisons custody on July 17, 2023. *See* https:/ww.bop.gov/inmateloc/ (last visited March 22, 2023).

On January 5, 2015, Mr. Knox filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction to his sentence based on change the U.S. Sentencing Commission made to provisions of the Sentencing Guidelines Judge Kapala had used. Dkt. 809. Specifically, Mr. Knox sought to be resentenced based upon the 2-level drop to drug offense levels made to U.S.S.G. § 2D1.1. *See* U.S.S.G. Supp. to App. C (Amendment 782). The parties agreed that after the amendment, Mr. Knox's base offense level dropped from 38 to 36, and his sentencing range dropped from 235-293 to 188-235. Dkt. 861. Judge Kapala granted the motion and reduced Mr. Knox's sentence to 204 months. Dkt. 866. On October 9, 2020, Mr. Knox filed a motion under § 404(b) of the First Step Act to further reduce his sentence based on changes Congress made to drug penalty statutes since the time of his sentencing. This Court denied that motion, Dkt. 1044, which the Seventh Circuit affirmed, *see United States v. Clay*, 50 F.4th 608, 613-14 (7th Cir. 2022).

Mr. Knox now seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the risk of complications his underlying medical conditions create should he contract COVID-19. Mr. Knox filed his motions under seal, but in a supplemental memorandum his counsel states that there is no reason to maintain the seal. Accordingly, docket entries 1055 and 1056 shall be unsealed, though his personal medical records that the government filed at docket entry 1067 shall remain sealed.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons or by the defendant himself. 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons," and must take into account the sentencing factors set out at 18 U.S.C. § 3553(a). The defendant bears the burden of establishing that he or she is entitled to compassionate release under the First Step Act. *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

Before filing such a motion, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. *See* 28 U.S.C. § 3582(c)(1)(A). Mr. Knox attached to his motion notices he received from his warden in December 2021 and the regional director in January 2022 denying his request for a compassionate release based on the COVID-19 pandemic, and the government agrees that Mr. Knox has exhausted as to his health issues. The Court notes that in his motion he also mentions being denied 18 months' credit under the First Step Act. Motion [1055] at 3. However, his mention of that topic is wholly undeveloped including how relief could be granted under 18 U.S.C. § 3582(c)(1)(A)(i), he has not attached any materials from efforts to administratively exhaust that might have fleshed out the issue, and he abandons the issue in his supplemental memorandum. Accordingly, he has forfeited the Court's consideration of the issue of First Step Act credits in this compassionate release motion. *See M.G. Skinner & Assocs., Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) (undeveloped arguments unsupported by citations to authority are forfeited).

A.   **Extraordinary and Compelling Reason**

Mr. Knox contends that his hypertension and obesity create an increased risk that he might develop serious complications if he contracts COVID-19.  In support, he relies on warnings from the Centers for Disease Control, which confirms that both hypertension and obesity are underlying conditions that raise the risk of getting seriously sick from COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 22, 2023).  He also points to medical records he submitted confirming that he both has hypertension and is obese.  Motion [1055] at 9-17; Medical Records [1067] at 1-63.  The government does not dispute that the evidence establishes that Mr. Knox suffers from both conditions.  Response [1066] at 11.  However, his most recent medical records suggest that his hypertension is being controlled by medication, and that his BMI was 35, *see* Medical Records [1067] at 1, not over 40 as Mr. Knox suggests in his motion, *see* Second Motion [1056] at 1.

Mr. Knox contends that his risk of becoming seriously ill from COVID-19 is an extraordinary and compelling reason for grant him a compassionate release.  However, Mr. Knox is vaccinated against COVID-19.  *See* Motion [1055] at 2; Medical Records [1067] at 63.  As the Seventh Circuit has recognized, the availability of a vaccine for COVID-19 makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reasons for release, unless a prisoner shows he or she is unable to benefit from the vaccine.  *See United States v. Broadfield*, 5 F.4th 801, 802-03 (7th Cir. 2021).  Mr. Knox has offered no facts or argument showing that he is unable to benefit from the COVID-19 vaccine, either because of his hypertension and obesity, or any other condition.  *See United States v. Newton*, 37 F.4th 1207, 1209 (7th Cir. 2022).

The Court notes that Mr. Knox has also identified programs and classes he has completed to better himself and prepare himself for reintegration into society, including obtaining his GED, completing a safe food handling course, and obtaining a job in the commissary.  However, "[t]aking classes while incarcerated is common rather than extraordinary," and Mr. Knox has made no particularized showing that the programs and courses he completed offer an extraordinary and compelling reason for reducing his sentence.  *United States v. Vaughn*, No. 22-2427, 2023 U.S. App. Ct. LEXIS 6171 (7th Cir. Mar. 15, 2023), at *3.

Because Mr. Knox is vaccinated, and because he has not identified any reason why he is unable to benefit from the vaccine, he has not identified an extraordinary and compelling medical reason for a compassionate release.  In addition, he has not established that his completion of classes is an extraordinary and compelling reason for a compassionate release.  Finally, the Court finds that on balance and in an exercise of its discretion, the combination of medical conditions and completed classes does not create an extraordinary and compelling reason for a compassionate release.  For these reasons, his motion is denied.

B.   **Discretion**

However, even if he had established an extraordinary and compelling reason for a compassionate release, the Court would still deny his motion based on its review of the

sentencing factors under 18 U.S.C. § 3553(a). In determining whether to exercise its discretion to grant a sentence reduction under the First Step Act, a court must consider the § 3553(a) sentencing factors. *See United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020).

The Court had the occasion to weigh the § 3553(a) sentencing factors in 2021 when it addressed Mr. Knox's motion for a sentencing reduction under the First Step Act based on statutory changes to the penalties for drug offenses made by the Fair Sentencing Act of 2010. It determined that on balance and in an exercise of its discretion, the factors weighed against granting Mr. Knox any sentence reduction. It found that the nature of his offense and his extensive role in it were very serious because it involved his procuring cocaine from Chicago, cooking it into cocaine base for distribution in the Rockford community, and fielding calls from customers to his cellphone. Codefendants reported he was known to possess a firearm during his involvement in the offense. He thus enabled, and then profited from, the addictions of others, and contributed to the risk of gun violence erupting during the course of the conspiracy. The Court found that his criminal history also did not favor a reduction because it involved an aggravated assault with a deadly weapon, domestic battery, traffic and alcohol offenses. The Court concluded that his history and involvement in this offense created a need to deter him from continuing to engage in similar and other criminal conduct, and because a crime wave in Rockford was fueled by a drug war, there was a need to deter others from drug trafficking. The Court denied his motion for a sentence reduction, which the Seventh Circuit determined was not an abuse of discretion. *See Clay*, 50 F.4th at 613-14.

His criminal history, the nature of his offense including the continuing scourge of drug trade crimes in Rockford, and the need for general and specific deterrence, are unchanged, and continue to weigh against a sentence reduction. Mr. Knox and his counsel have pointed to steps Mr. Knox has taken while incarcerated to better himself and to prepare for reintegration into society. Both note that he has completed educational courses, such as parenting and safe food handling, obtained his GED, obtained work in the commissary, and when he filed the motion was in "OUT" custody, which counsel explains is the second-lowest level of custody. Suppl. Motion [1063] at 4 n.1. His progress report and disciplinary record also notes that he has no disciplinary history and has been assessed to present a minimum risk of recidivism. Suppl. PSR [1059] at 5, 7. The Court commends Mr. Knox for his efforts to complete this programming and further his education, both of which will serve him well upon his release, as well as the strong family ties and community support he mentions in his motion. The Court accepts Mr. Knox's efforts and support as evidence favoring a sentence reduction. However, when weighed against the other factors for which the Court fully accounts, and in an exercise of its discretion, the Court concludes that the evidence favoring a sentence reduction is far outweighed by the factors that counsel against any reduction. After once again reviewing the relevant factors, and taking into account the new information about Mr. Knox's post-sentencing conduct, the Court is convinced that the sentence Mr. Knox currently serves remains the sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing.

## CONCLUSION

For the reasons given, Mr. Knox's motions for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [1055] and [1056] are denied.

Date: March 22, 2023      By: _____
                                                               Iain D. Johnston
                                                               United States District Judge